## Fayette Bank and Trust Co. v. Hercik

*Thomas E. Reiber,* for plaintiff.
*Nancy Duffield Vernon,* for defendant.

FRANKS, *J.,* August 29, 1991—The issue before us arises from defendant's preliminary objections to plaintiff's complaint. After oral argument, review of the facts, applicable law, and briefs submitted by counsel, we deny defendant's preliminary objections and hold that plaintiff may proceed in personam against defendant.

## BACKGROUND

Defendant, Thomas A. Hercik, executed a mortgage and a note on December 20, 1989, for $34,500 payable

to plaintiff, Fayette Bank and Trust Company. As security for the repayment of the note, the parties entered into a security agreement whereby defendant gave Fayette Bank a security interest in real property set forth in the mortgage and situate in Georges Township, Fayette County, Pennsylvania. Located on the property is defendant's business establishment, Hercik's Auto.

The terms of the note and security agreement provide that beginning January 10, 1990, defendant would make 90 monthly payments to satisfy the debt. The note and security agreement further provide that should defendant default on his payments, Fayette Bank may invoke the acceleration clause at which time the entire principal and interest would be due and payable immediately. The right of foreclosure was also reserved.

Defendant has failed to make scheduled monthly payments since September 1990. In December 1990, Fayette Bank informed defendant that unless the account was made current, mortgage foreclosure proceedings would be instituted. Before such proceedings began, however, defendant informed Fayette Bank that the secured real estate was contaminated. Apparently a former owner had improperly disposed of oil on the property, which severely decreased its value and utility.

After learning of the contamination, Fayette Bank chose to forego mortgage foreclosure proceedings. Instead, Fayette Bank filed a complaint in personam on the note for the balance of the principal, interest accruing from September 10, 1990, and attorney's fees of 20 percent of the total amount due. Defendant filed preliminary objections asking the court to grant a demurrer arguing that Fayette Bank failed to state a proper cause of action pursuant to the mortgage, note and security agreement.

## DISCUSSION

Defendant contends that Fayette Bank's in personam cause of action is improper because the note is secured by specific real property owned by defendant. Therefore, Fayette Bank should be limited in its remedies to an in rem action in a mortgage foreclosure proceeding against the real estate to have the debt satisfied. We do not agree.

Initially, we find nothing in the terms of the note or the security agreement that specifically limits Fayette Bank to initiate mortgage foreclosure proceedings in the event of a default by the obligor. Although foreclosing on the secured or mortgaged property is the usual course of action taken by a mortgagee, an in personam action for a breach of the contract terms in the note and security agreement is valid and proper. *Beaver County Building and Loan Association v. Winowich,* 323 Pa. 483, 187 A. 481 (1936).

Fayette Bank's complaint, simply stated, alleges a breach of contract. Fayette Bank loaned $34,500 to defendant. Defendant promised to repay the obligation in monthly installments. Having failed to do so, Fayette Bank invoked its privileges pursuant to the acceleration clause and filed an in personam suit. The fact that Fayette Bank secured this obligation with defendant's real estate does not mean that only that specific real estate may now be used to satisfy the debt.

In denying defendant's preliminary objections, we hold that when a debt is secured by a mortgage and the obligor is in default, the mortgagee may proceed either in rem on the mortgage or in personam, thereby foregoing an action of mortgage foreclosure.

Wherefore, we enter the following

## ORDER

And now, August 29, 1991, it is hereby ordered and directed that defendant's preliminary objections to plaintiff's complaint are denied.